UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Timothy Wallace Sherno

      Plaintiff,

v.

Anoka County; City of Apple Valley; City of Arlington; City of Baudette, Beltrami County; City of Blackduck; City of Blaine; City of Bloomington; City of Brooklyn Center; City of Brooklyn Park; City of Burnsville; City of Cannon Falls; Cargo Van Go, Inc.; Cars-N-Credit, Inc.; Carver County; Cass County; City of Champlin; Chisago County; City of Cottage Grove; Crow Wing County; City of Crystal; Dakota County; City of Deephaven; City of Eden Prairie; City of Edina; Faribault County; City of Farmington; City of Foley; City of Forest Lake; City of Fridley; City of Golden Valley; Goodhue County; City of Green Isle; Grant County; City of Hastings; City of Henderson; Hennepin County; City of Hopkins; City of Inver Grove Heights; Kanabec County; Kandiyohi County; City of Lake Crystal; Lake of the Woods County; Lakes Area Police Department; City of Le Sueur; City of Mankato; McLeod County; City of Medina; Metropolitan Council; Mille Lacs County; City of Minneapolis; City of Minnetonka; City of Minnetrista; City of Mora; City of Mounds View; Minneapolis Park and Recreation Board; City of New Brighton; City of North St. Paul; City of North Mankato; City of Onamia; City of Orono; Pine County; City of Prior Lake; Ramsey County; City of Ramsey; City of Red

Civil No. 14-cv-982 (JNE/HB)
ORDER

Wing; Rice County; City of Richfield; City of Robbinsdale; City of Rochester; City of Rosemount; City of Roseville; City of Royalton; City of Savage; Scott County; City of Shakopee; City of Sherburne; Sherburne County; City of South St. Paul; City of Spring Lake Park; City of St. Anthony; City of St. Cloud; City of St. Francis; St. Louis County; City of St. Louis Park; City of St. Paul Park; City of St. Paul; City of St. Peter; City of Walnut Grove; Waseca County; Washington County; City of Waterville; City of Welcome; City of White Bear Lake; City of Woodbury; Michael Campion, in his individual capacity as the Commissioner of the Department of Public Safety; Ramona Dohman, in her individual capacity as the Commissioner of the Department of Public Safety; John and Jane Does (1 - 600) acting in their individual capacity as supervisors, officers, deputies, staff, investigators, employees or agents of the other governmental agencies; Department of Public Safety Does (1-30) acting in their individual capacity as officers, supervisors, staff, employees, independent contractors or agents of the Minnesota Department of Public Safety; and Entity Does (1-150) including cities, counties, municipalities, and other entities sited in Minnesota,

        Defendants.

Plaintiff Timothy Wallace Sherno filed this action alleging impermissible retrievals by local law enforcement personnel, other public employees, and Minnesota corporations of his private motor vehicle record data maintained by the Minnesota Department of Public Safety

("DPS"). Sherno's complaint is one of numerous analogous complaints recently filed in this district and centered on alleged violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 *et seq*. *See Roschen v. Wabasha County*, Civ. No. 13-2490, 2014 WL 3105032, at *2 n.4 (D. Minn. June 26, 2014) (counting 28 such cases and noting that many of the complaints have been dismissed in whole or in part). Wallace's complaint alleges that personnel affiliated with each of the named entity Defendants accessed his private information without a proper purpose at least one time and collectively approximately four hundred thirty times between 2003 and 2013. The complaint also names the former and current DPS Commissioners, Michael Campion and Ramona Dohman, as Defendants.

According to his complaint, Sherno "anchored the morning news at KMSP-TV in Eden Prairie, Minnesota from 1999 through 2005." Compl. ¶ 117. "Since September 2006, Sherno has worked as a reporter at 5 EYEWITNESS NEWS in the Twin Cities." Compl. ¶ 120. With the exception of Edina, the complaint alleges that Sherno has never been charged with or suspected of committing a crime in the jurisdictions represented by the entity Defendants and that he has never been involved in any civil, criminal, administrative, or arbitral proceedings involving Defendants. Sherno disclaims the existence of any legitimate reason for the retrievals of his personal information by these entities and their personnel. Regarding Edina, Sherno concedes that he "had a few encounters with Edina law-enforcement," but he asserts that he is suing Edina over obtainments of his personal information that were unrelated to any legitimate government function. Compl. ¶¶ 243-44. Based on these allegations, Sherno's complaint asserts one count for violations of the DPPA.

All named Defendants have moved to dismiss Sherno's complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or for judgment on the pleadings

pursuant to Rule 12(c).  Many have requested severance of the claims against them in the alternative.  Those motions are presently before the Court.  The issues raised by the motions have been extensively discussed in connection with other DPPA cases and need not be repeated in detail here.

Wallace's complaint fails to state a DPPA claim against any Defendant.  His DPPA claims based on retrievals of his data that occurred more than four years before the filing of his complaint on April 4, 2014, are barred by the applicable statute of limitations.  *See Potocnik v. Carlson*, Civ. No. 13-2093, 2014 WL 1206403, at *8-12 (D. Minn. Mar. 24, 2014); *Kost v. Hunt*, 983 F. Supp. 2d 1121, 1126-30 (D. Minn. 2013).  His DPPA claims against the DPS Commissioners stem from his allegations that they failed to adequately control and monitor access to his private data, but such allegations fail to state a violation of the DPPA.  *See Kendall v. Anoka County*, Civ. No. 14-247, 2014 WL 3955265, at *3 (D. Minn. Aug. 13, 2014); *Kiminski v. Hunt*, Civ. No. 13-185, 2013 WL 6872425, at *5-9 (D. Minn. Sept. 20, 2013).  For any remaining claims, the allegations are not materially distinguishable from those of the news anchor and sports reporter whose claims were dismissed in *Mitchell v. Aitkin County*, Civil No. 13-2167, 2014 WL 835129 (D. Minn. Mar. 4, 2014).  These claims will be dismissed for the reasons stated in *Mitchell*.

Therefore, Defendants' motions to dismiss and motion for judgment on the pleadings will be granted.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant City of Minneapolis's motion to dismiss [ECF No. 48] is GRANTED.
2. Defendant City of St. Paul's motion to dismiss [ECF No. 50] is GRANTED.

3. Defendant Hennepin County's motion to dismiss [ECF No. 59] is GRANTED.

4. Defendant Metropolitan Council's motion to dismiss [ECF No. 71] is GRANTED.

5. Defendant Dakota County's motion to dismiss [ECF No. 78] is GRANTED.

6. Defendant Anoka County's motion to dismiss [ECF No. 82] is GRANTED.

7. Defendant Minneapolis Park & Recreation Board's motion to dismiss [ECF No. 86] is GRANTED.

8. Defendant Cars-N-Credit, Inc.'s motion to dismiss [ECF No. 93] is GRANTED.

9. Defendant St. Louis County's motion to dismiss [ECF No. 95] is GRANTED.

10. Defendant Ramsey County's motion to dismiss [ECF No. 103] is GRANTED.

11. The motion to dismiss of Defendants City of Apple Valley, City of Arlington, City of Baudette, City of Blackduck, City of Blaine, City of Bloomington, City of Brooklyn Center, City of Brooklyn Park, City of Burnsville, City of Cannon Falls, City of Champlin, City of Cottage Grove, City of Crystal, City of Deephaven, City of Eden Prairie, City of Farmington, City of Foley, City of Forest Lake, City of Fridley, City of Golden Valley, City of Green Isle, City of Hastings, City of Henderson, City of Hopkins, City of Inver Grove Heights, City of Lake Crystal, City of Le Sueur, City of Mankato, City of Medina, City of Minnetonka, City of Minnetrista, City of Mora, City of Mounds View, City of New Brighton, City of North Mankato, City of North St. Paul, City of Onamia, City of Orono, City of Prior Lake, City of Ramsey, City of Red Wing, City of Richfield, City of Robbinsdale, City of Rochester, City of Rosemount, City of Roseville, City of Royalton, City of Savage, City of Shakopee, City of Sherburne, City of South St. Paul, City of Spring Lake Park, City of St. Anthony, City of St. Cloud, City of St. Francis, City of St. Louis Park, City of St. Paul Park, City of St. Peter, City of Walnut Grove, City of Waterville, City of Welcome, City of White Bear Lake, City of Woodbury, and Lakes Area Police Department [ECF No. 117] is GRANTED

12. Defendant City of Edina's motion for judgment on the pleadings [ECF No. 123] is GRANTED.

13. The motion to dismiss of Defendants Beltrami County, Carver County, Cass County, Chisago County, Crow Wing County, Faribault County, Goodhue County, Grant County, Kanabec County, Kandiyohi County, Lake of the Woods County, McLeod County, Mille Lacs County, Pine County, Rice County, Scott County, Sherburne County, Waseca County, and Washington County [ECF No. 129] is GRANTED.

14. Defendants Michael Campion and Ramona Dohman's motion to dismiss [ECF No. 138] is GRANTED.

15. Defendant Cargo Van Go., Inc.'s motion to dismiss [ECF No. 149] is GRANTED.

LET THE JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  September 18, 2014

                                                  s/Joan N. Ericksen\
                                                  JOAN N. ERICKSEN\
                                                  United States District Judge